UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCRIPPS HEALTH,<br><br>            Plaintiff,<br><br>v.<br><br>CARPENTERS UNION LOCAL 1506,<br><br>            Defendant. | Civil No. 11cv2238 L (WMC)<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S *EX PARTE* MOTION TO FILE EXHIBITS UNDER SEAL [doc. #3]** |

    Defendant moves *ex parte* to file under seal exhibit 42 to the notice of removal of action. In support of its *ex parte* motion, defendant states that Exhibit 42 consists of a confidential and privileged settlement demand by plaintiff and in the absence of sealing, the disclosure would chill settlement demands, discussions and agreements, and the information is not public. Defendant also contends that the court under Federal Rule of Civil Procedure 26(c)(7), may protect trade secret ot other confidential business information.

    Historically courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). Three different standards govern motions to seal documents in judicial proceedings. First, "the narrow range of documents such as grand jury transcripts and certain warrant materials . . . traditionally have been kept secret for important policy reasons." *Pintos v. Pac. Creditors Ass'n*, 504 F.3d 792, 801 n.7 (9th Cir. 2007) (internal quotation marks,

1 brackets, and citation omitted); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178
2 (9th Cir. 2006).  Second, sealing a judicial record requires the requesting party to show
3 compelling reasons which outweigh the general history of access and the public policies
4 favoring disclosure.  *Pintos*, 503 F.3d at 801; *Kamakana*, 447 F.3d at 1178.  Last, to shield
5 "private materials unearthed during discovery" from public view, the requesting party must meet
6 the good cause standard of Federal Rule of Civil Procedure 26(c).  *Pintos*, 503 F.3d at 801; *Foltz
7 v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003); *Phillips v. General
8 Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002).

Other than stating Exhibit 42 consists of confidential, non-public information, defendant has not discussed the legal standard for sealing this particular document. Nor has defendant provided sufficient legal or factual analysis upon which the court can based its decision.

Based on the foregoing, defendant's *ex parte* motion to file Exhibit 42 under seal is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

DATED:  October 3, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM MCCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL